# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 1:12-cr-00006-19 |
| v. : | |
| : | (Judge Kane) |
| CARLOS TORRES, : | |
|     Defendant : | |

## MEMORANDUM

Before the Court is Defendant Carlos Torres' motion to sever his criminal trial from that of his thirteen co-Defendants.[1] (Doc. No. 516.) For the reasons that follow, the Court will deny Defendant's motion.

**I.  BACKGROUND**

On July 25, 2012, a grand jury returned a sealed superceding indictment charging Defendant, along with a number of co-defendants with: (1) criminal conspiracy to distribute and possession with intent to distribute five kilograms and more of cocaine hydrochloride, 280 grams and more of crack cocaine, 100 grams and more of heroin, and 100 kilograms and more of marijuana, in violation of 21 U.S.C. § 846 (Count I); (2) distribution and possession with intent to distribute 280 grams and more of cocaine hydrochloride in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count II); (3) criminal conspiracy to possess firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(o) (Count V); and (4) forfeiture pursuant to 18 U.S.C.

---

[1] The thirteen co-defendants are: Raul Vargas, Oscar Sanchez, Estevan Hernandez Claudio, Omar Cintron Ortiz, Ruben Obed Rodriguez Cruz, Francisco Figueroa Cardona, Edwin Rolon Martinez, Marcelino Calderon Ortiz, Jossue Figueroa, Josue Javier Vasquez Feliciano, Carey Gray, Omar Cook, and Omar Caliph Acquil. (See Doc. No. 102.)

§§ 981(a)(1)(C), 982 and 21 U.S.C. § 853 (Count VIII).[2] (Doc. No. 102.) On January 31, 2013, Defendant Torres was arrested, and pled not guilty to the above charges during his initial appearance and detention hearing. (Doc. No. 331; Doc. No. 533 at 1.)

Pursuant to its investigation into a drug trafficking organization allegedly headed by co-Defendants Raul Vargas, Oscar Sanchez, and Estevan Hernandez-Claudio, which ultimately led to Defendant's indictment, the United States captured several drug-related telephone calls between Defendant and co-Defendant Vargas through court-authorized wiretaps on Vargas's telephone. (Doc. No. 533 at 3.) According to the United States, these calls established "that on a specified date during the life of the conspiracy, Vargas supplied the defendant with an ounce of powder cocaine and an ounce of crack cocaine." (Id.) Further, the United States expects to present evidence through witness testimony that Defendant Torres purchased the following from co-Defendant Vargas: (1) crack and powder cocaine on seven or eight occasions; (2) half-ounce quantities of crack cocaine on eight or nine occasions; and (3) nine-ounce quantities of part-crack, part-powder cocaine once or twice. (Id. at 3-4.) Further, the United States expects to present additional witnesses who will testify to purchasing crack cocaine and cocaine powder from Defendant Torres on multiple occasions during the life of the conspiracy. (Id. at 4.) On February 21, 2014, Defendant filed a motion to sever his trial from his co-Defendants. (Doc. No. 517.) The motion has been fully briefed and is ripe for disposition.

## II.   DISCUSSION

---

[2] Defendant's motion incorrectly states that in Count I, he was charged only with conspiring to distribute five kilograms and more of marijuana. (Doc. No. 516 ¶ 1.) The language of the indictment clearly shows Defendant was charged with conspiracy to distribute or possession with intent to distribute cocaine hydrochloride, crack cocaine, heroin, and marijuana. (Doc. No. 102 at 1-2.)

Defendant Torres moves for severance of the proceedings in the above-captioned action pursuant to Rule 14 of the Federal Rules of Criminal Procedure. (Doc. No. 516.) In support of his motion, Defendant argues that most of the evidence to be presented at trial will not implicate him, and thus "a serious risk exists that a joint trial will compromise his right to a fair trial because the jury will be unable to fairly and accurately evaluate the evidence that is presented against [Defendant], versus that which solely implicates his co-defendants." (Doc. No. 517 at 2.) Specifically, Defendant argues that the evidence the United States will offer against him consists only of "several phone calls," and thus there is a "viable danger" that he will be found guilty "based solely on the evidence presented against the other co-defendants . . . ." (Id. at 3-4.)

Federal Rule of Criminal Procedure 14(a) provides: "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). Under Rule 14, a defendant bears a "heavy burden in gaining severance." United States v. Quintero, 38 F.3d 1317, 1343 (3d Cir. 1994). The defendant must "pinpoint clear and substantial prejudice resulting in an unfair trial." United States v. Riley, 621 F.3d 312, 335 (3d Cir. 2010). A motion to sever under Rule 14 should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). A defendant is not entitled to severance solely because he may have a better chance of acquittal in separate trials. See United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992). The question of prejudice hinges on whether a jury can "compartmentalize" the evidence as it relates to each separate count, considering the volume of evidence and limited admissibility. See

United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005). Once a defendant meets the burden of demonstrating prejudice, the Court may exercise its discretion to grant the motion to sever after "balanc[ing] the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy." United States v. Sandini, 888 F.2d 300, 305 (3d Cir. 1989). Because Rule 14 is discretionary, it does not necessarily require severance even when prejudice is shown. United States v. Saferstein, No. 07-557, 2009 WL 1046128, at *5 (E.D. Pa. Apr. 17, 2009).

First, the Court finds that any prejudice to Defendant is minimal. Defendant's argument that the "vast majority of evidence that will be presented at trial will not implicate [him]" appears to rely at least partially on his misconception that his charges are related to marijuana only, whereas his co-Defendants are charged with violations relating to cocaine hydrochloride, crack cocaine, heroin, and marijuana. (See Doc. No. 517 at 1-2.) However, as the indictment clearly indicates, Defendant is also charged with violations of federal law relating to cocaine hydrochloride, crack cocaine, and heroin, in addition to the marijuana charge he acknowledges. (See Doc. No. 102.) Thus, the Court finds that Defendant's mere assertion that the "vast majority of evidence that will be presented at trial will not implicate [him]" does not establish substantial prejudice requiring severance.

Further, the Court finds that Defendant's argument that he is entitled to severance because "the only evidence to be presented against [him] consists of several phone calls," similarly lacks merit. (See Doc. No.5 17 at 3.) A variation in the quantity of evidence as to individual co-Defendants is not grounds for severance. See United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991) ("Neither a disparity in evidence, nor introducing evidence more damaging to one defendant than others entitles seemingly less culpable defendants to

severance."). Accordingly, the Court finds that Defendant's claim that the United States' evidence against him is limited to four telephone calls does not establish substantial prejudice requiring severance.

Moreover, because Defendant and his co-Defendants are alleged to be part of the same conspiracy, and because acts committed by one co-conspirator in furtherance of the conspiracy are admissible against other co-conspirators, even were the Court to grant Defendant's motion to sever his trial, the evidence in question would still be admissible against him. See United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001). Thus, Defendant's claim that he will suffer prejudice unless the Court grants him a severed trial is unavailing. See United States v. DeLuca, 137 F.3d 24, 36 (1st Cir. 1998) ("[S]ince any evidentiary spillover is vitiated where the evidence in all events would have been admissible against the movant, in the context of conspiracy, severance will rarely, if ever, be required.").

The Court also finds no reason to believe that a jury will be unable to compartmentalize the evidence against Defendant, or that the Court will be unable to issue instructions in that regard. See United States v. Williams, No. 06-719-5, 2009 WL 1285519, at *2 (E.D. Pa. May 7, 2009) "[The Court] can ensure [Defendant] will receive a fair trial because it will issue jury instructions directing the jury to consider the evidence separately as to each defendant and each count."); United States v. Saferstein, No. 07-557, 2009 WL 1046128, at *5 (E.D. Pa. Apr. 17, 2009) ("[Defendant's argument] that severance is necessary since a jury will have a difficult time separating or ascertaining which evidence against him is meant to prove which set of charges is also overcome, since the Court is in a position to evaluate each situation should any occur and to respond appropriately with limiting instructions at trial, if necessary.").

Further, the Court finds that the preference for judicial economy is compelling and weighs against severance. "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro, 506 U.S. at 537. This preference for joinder "promote[s] efficiency and serve[s] the interest of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. at 537 (quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987)). Additionally, because this is a conspiracy case, evidence in furtherance of the conspiracy is admissible against Defendant regardless of severance. Therefore, granting Defendant's request would result in the Court essentially repeating the same trial, which runs counter to established principles of judicial economy. See Eufrasio, 935 F.2d at 568–69 ("The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy."); United States v. Lacerda, No. 12-303, 2013 WL 3177814, at *7 (D.N.J. June 19, 2013) (noting that "separate trials with respect to the same charged conspiracy would be a significant waste of judicial time and resources because participants in a conspiracy should ordinarily be tried together, even if the evidence against one is more damaging than it is against another"). Accordingly, the Court will deny Defendant's motion to sever.

## III.    CONCLUSION

The Court finds that no substantial prejudice will result if Defendant proceeds to trial with his co-Defendants and will therefore deny the motion to sever. An order consistent with this memorandum follows.